SECURITY BENEFIT LIFE INSURANCE COMPANY
*v.* James H. GRAHAM, Joseph E. Barsocchi, Margaret D. Barsocchi, and Harry H. Kerr, III

90-248                                                810 S.W.2d 943

Supreme Court of Arkansas
Opinion delivered June 10, 1991

40

*Lord, Bissell, & Brook*, by: *R.R. McMahan, Robert A. Knuti*, and *Damon N. Voke* and *Mitchell, Williams, Selig, & Tucker*, by: *Byron Freeland*, for appellant.

*Pope, Shamburger, Buffalo, & Ross*, by: *John K. Shamburger* and *Joseph L. Buffalo, Jr.*, for appellees.

ROBERT L. BROWN, Justice. The four appellees, James H.

Graham, Joseph E. Barsocchi, Margaret D. Barsocchi, and Harry H. Kerr, III, filed a second amended complaint against appellant Security Benefit Life Insurance Company, alleging that they were owners of a single premium deferred annuity (SPDA) and held their certificates of insurance under a Group SPDA Master Policy originally issued by The First Pyramid Life Insurance Company of America. Their complaint, which was filed on February 6, 1990, alleged breach of contract and sought terminal payments owed them under the policy. The appellees further prayed for class certification and a determination of the liability of Security Benefit to all class members.

A motion for class certification was then filed by the appellees followed by a hearing on that motion. Subsequent to that hearing, but before the trial court's decision, fifteen to seventeen additional SPDA certificate holders filed affidavits for participation in the class. The trial court issued findings supporting class certification and followed the findings with an order on June 22, 1990, certifying the case as a class action. The trial court's order defined the class as all present owners of individual certificates issued by First Pyramid under the Group SPDA Master Policy. The order estimated the number of certificate holders as 600 with residences in thirty-nine states.

Security Benefit lodged this interlocutory appeal, contesting the trial court's decision under Ark. R. Civ. P. 23 on grounds that the proposed class was not sufficiently numerous, that common questions of law or fact did not predominate, and that other methods existed for a fair and efficient adjudication of this dispute.

We affirm the trial court's decision and hold that the case was properly certified as a class action.

The Group SPDA Master Policy, which covers the appellees as certificate holders, was originally issued by First Pyramid, an Arkansas-based insurer, on June 1, 1982. As of June 1, 1986, that contract was assumed by Security Benefit, which is based in Kansas, under a reinsurance assumption agreement. The agreement was approved by the Arkansas Insurance Commission. The annuitants were sent an assumption certificate, which included notice of the assumption by Security Benefit.

Less than a year later, on March 31, 1987, the Group SPDA Master Policy and all associated liability was assumed by Life Assurance Company of Pennsylvania (LACOP). Notice of this transfer and the release of Security Benefit was not sent to the annuitants, according to the appellees. The appellees further contend that no regulatory approval for this transfer was obtained and that Security Benefit continued to service the contracts of certificate holders after March 31, 1987.

On June 14, 1988, still another assumption of the Master Policy and annuity contracts was made — this time, by Diamond Benefits Life Insurance Company. Diamond Benefits, at that point, was a domestic carrier in Arizona. The annuitants were notified of the transfer by letter and assumption certificate which included the fact that LACOP had previously assumed the contracts and would no longer be obligated under them. The appellees contend, however, that the annuitants were never specifically advised that Security Benefit would no longer be obligated to perform under the contracts. Since this assumption by Diamond Benefits, the Arizona insurance commissioner has determined that Diamond Benefits is insolvent, and on December 19, 1988, he put the company into receivership.

While our cases interpreting Ark. R. Civ. P. 23 were somewhat inconsistent prior to 1988, we took pains to clarify our interpretation in a case handed down that year. See *International Union of Elec., Radio & Mach. Workers* v. *Hudson*, 295 Ark. 107, 747 S.W.2d 81 (1988). In *Hudson* we observed that though our Rule 23 differed from Federal Rule 23 in text, the spirit of the federal rule existed in our Rule 23. We, therefore, rejected our traditional circumspection toward class actions in *Hudson*.

We also affirmed in *Hudson*, as well as in later cases, the broad discretion given to the trial court in matters relating to class actions. *See Lemarco, Inc.* v. *Wood*, 305 Ark. 1, 804 S.W.2d 724 (1991); *First Nat'l Bank of Fort Smith* v. *Mercantile Bank of Jonesboro*, 304 Ark. 196, 801 S.W.2d 38 (1990). Our Reporter's Note 2 to Rule 23 recognizes the broad discretion in the trial court to protect the rights of class members, and we expanded the scope of that authority in *Hudson* to embrace also the court's decision of whether a class should be certified.

Thus, in deciding the case before us, we must view it in terms

of these twin precepts: our policy change in that we no longer espouse our former circumspection toward class actions, and the broad discretion we have conferred upon the trial court in deciding the class certification issue.

Here, the trial court found that a class existed and that a class action was superior to other available methods for a fair and efficient adjudication of the controversy. At the time of the court's decision the pertinent part of Rule 23 read:

> (a)  Where the question is one of a common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring all before the court within a reasonable time, one or more may sue or defend for the benefit of all.

> (b)  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[1]

■ Security Benefit first argues that the parties are not sufficiently numerous to satisfy the requirement of Rule 23(a). We disagree. Security Benefit, itself, admits to 600 certificate holders residing in thirty-nine states. An official with the Arkansas Insurance Department testified at hearing on the day the court's class certification order was issued that the Department had received a letter listing 122 Arkansas certificate holders, all of whom may be potential class members. According to the affidavit of a court-appointed supervisor for the insolvent Diamond Benefits in Arizona, Security Benefit submitted to him a list of 1,419 annuitants in January 1989. Fifteen to seventeen certificate holders in addition to the appellees exhibited a desire to participate in the class action prior to the trial court's decision. There are clearly numerous potential class members in this matter, and it would be impractical to bring them all before the

---

[1] Paragraph (a) of Rule 23 has since been amended, effective February 1, 1991, and now corresponds to Federal Rule 23.

trial court within a reasonable time. The trial court was correct in finding that the numerosity criterion had been met.

■ We are next confronted with Rule 23(b) and the issue of whether questions of law or fact common to the class members predominate over individual questions. We hold that the trial court was correct in finding that they do. Common questions of fact certainly predominate for the class. For example, it must be determined for all class members whether they were notified by mass mailing of the assumption of Security Benefit's obligation by LACOP or Diamond Benefits; whether regulatory approval was obtained for the assumptions of this obligation; and whether Security Benefit continued to "service" the class members after LACOP assumed the contract. In addition, Security Benefit itself raises the defense against class members that a novation occurred by the later assumptions which relieved Security Benefit of all liability. Under such circumstances we cannot say that the trial court abused its broad discretion in its finding.

Security Benefit's main argument appears to center on the fact that the law of thirty-nine states relative to novation would have to be explored and that this would splinter the class action into individual lawsuits. Accordingly, so the argument goes, this would not result in a fair and efficient adjudication of the matter. We have previously held, however, that even if this were to occur with regard to individual claims, "efficiency would still have been achieved by resolving those common questions which predominate over individual questions." *Lemarco*, 305 Ark. at 4, 804 S.W.2d at 726. Stated another way, resolution of the common questions of law or fact would enhance efficiency for all parties, even if individual claims still remained to be adjudicated.

The mere fact that choice of law may be involved in the case of some claimants living in different states is not sufficient in and of itself to warrant a denial of class certification. *C.f.*, *Sun Oil Co.* v. *Wortman*, 486 U.S. 717 (1988). And though we are not convinced at this stage that reference to the laws of thirty-nine states will be necessary, should it be required, this does not seem a particularly daunting or unmanageable task for the parties or for the trial court.

Because Arkansas is the home state for First Pyramid and because Arkansas law is the law to be applied under the Master

Policy, it is the logical situs for this action. Actions in thirty-nine states, even with considerable joinder, would be inefficient, duplicative, and a drain on judicial resources. Denial of class action status could well reduce the number of claims brought in this matter, but that result is hardly in the interest of substantial justice.

We conclude that a class action which would resolve several common questions would not only be efficient but fair to both parties. Security Benefit, for instance, would only be required to mount its novation defense in one court as opposed to numerous forums, a factor that we have considered in previous cases. *See Lemarco, Inc. v. Wood; International Union of Elec., Radio & Mach. Workers v. Hudson.* Class members, on the other hand, would not be required to file complaints in myriad courts in a matter involving insurance companies which at one time were located in four different states.

The trial court correctly found that the Rule 23 factors had all been met, and we affirm.

GLAZE, J., not participating.