SIMMONS et al., Appellees,

v.

AMERICAN GENERAL LIFE AND ACCIDENT
INSURANCE COMPANY, Appellant.

[Cite as *Simmons v. Am. Gen. Life & Acc. Ins. Co.* (2000), 140 Ohio App.3d 503.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–00–013.

Decided Nov. 17, 2000.

504

*D. Jeffrey Rengel,* for appellees.

*F. James Foley, Joseph R. Miller* and *John A. Coppeler,* for appellant.

MELVIN L. RESNICK, Judge.

This case is before the court on appeal from a judgment of the Erie County Court of Common Pleas granting appellees' motion to certify this cause as a class action pursuant to Civ.R. 23. This cause was brought by plaintiffs-appellees, Julie Simmons in her individual capacity and on behalf of all persons similarly situated, against defendant-appellant, American General Life and Accident Insurance Company ("American"), to challenge the effect of a computer logic error on benefits available under lapsed "Graded Benefits" life insurance policies issued by American.

In 1986, appellant issued a Graded Benefits twenty-year life insurance policy, denominated Policy No. 116649096, to Manday Simmons, Julie Simmons's mother. Manday Simmons stopped paying premiums on that policy in 1991, thereby allowing that policy to lapse. Pursuant to the terms of the Graded Benefits policy, the amount available to a beneficiary upon the death of the insured varies, depending on the date on which the policy lapses. If the policy lapses within three years after it is issued, the insured is provided with "extended term insurance" in an amount equal to the equity in the policy. This insurance exists for a specific period of time and then the policy terminates. If the Graded Benefits policy lapses after the third policy year, the insured is furnished "reduced paid up insurance" that pays a small death benefit at any time thereafter. Policy No. 116649096 was a "reduced paid up" policy upon lapse.

A computer logic error, first occurring in 1989 and compounded in 1991, exchanged the data related to the two lapse periods on approximately one thousand five hundred of American's Graded Benefits life insurance policies. As a result, when Julie Simmons contacted American before Manday Simmons's death on September 14, 1993, to inquire as to the status of and death benefit afforded under Policy No. 116649096, the computer printout indicated that this policy was an extended-term policy paying a death benefit of $8,235 until the term expired on October 22, 1993. Julie Simmons was provided with the same information after her mother's death. However, American paid Manday's benefi-

ciaries only the "reduced paid up" death benefit of $936 as provided under Policy No. 116649096.

Consequently, Julie Simmons and her sister filed a complaint against American claiming that the insurance company misrepresented the status and amount of their mother's life insurance coverage under Policy No. 116649096. Later, appellees filed an amended complaint against American, converting their claims to a class action brought on behalf of all insureds affected by the computer logic error in determining the amount of the death benefit due under lapsed Graded Benefits life insurance policies. Appellees also filed a motion, pursuant to Civ.R. 23, to certify the instant cause as a class action based on the legal theories of fraud, negligent misrepresentation, negligence, and breach of contract. Appellees proposed a class consisting of the following persons:

"Persons who were insureds or beneficiaries of graded benefits (GB) policies underwritten by defendant who had their policy death benefits incorrectly calculated from either Extended Term insurance (ETI) to Reduced Paid–Up Insurance (RPU) or vice-versa after a lapse in premium payments where such delinquent policy payments were not subsequently paid by the insured."

In its memorandum in opposition to the motion to certify, American pointed out that most of the members of the proposed class lacked standing to participate in the class action and argued that appellees' case did not meet the prerequisites for certification under Civ.R. 23.

On February 3, 2000, the trial court granted appellees' motion to certify. The court certified the following class:

"All persons, and all beneficiaries of deceased persons, who were insured during the class period from December 23, 1983 [fn.1] and thereafter, by an American General graded benefits (GB) life insurance policy which was or will be lapsed, forfeited, surrendered, or otherwise terminated where such GB policy is converted to reduced paid-up insurance, extended term insurance, or otherwise amended in value so as to effect either (a) a reduction in benefits or in the term for which benefits were paid or are due and payable to the policy beneficiaries; or (b) a reduction or increase in benefits or in the term for which coverage would otherwise remain in force or for which benefits would be paid *and* the policyholder, or representative of the policyholder, was notified or informed by American General or otherwise became aware of such alteration of benefits."

In its footnote the trial court explained that the "class period" was calculated by using the fifteen-year statute of limitations for breach of contract. The court observed that the fifteen-year statute of limitations was also applicable to appellees, "breach of fiduciary duty" and "breach of good faith and fair dealing"

claims, neither of which was ever pleaded by appellees. On appeal of this judgment, American asks this court to consider the following assignment of error:

"The trial court erred in certifying plaintiff's claims as a class action because the class definition and the class claims do not meet the requirements of Civ.R. 23."

A class action is an action filed, pursuant to Civ.R. 23, by a class representative on behalf of, or against, an entire group of persons with common issues that make a collective lawsuit more efficient. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 80, 694 N.E.2d 442, 453–454. Before a case may be certified as a class action, a trial judge must make seven affirmative findings as to the requirements of Civ.R. 23, five of which are specifically set forth in the rule and two of which are implicit. *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091, paragraph one of the syllabus. The two implicit prerequisites are (1) that the class be identifiable and that the definition of the class be unambiguous, and (2) that the class representative(s) be a member or members of the class. *Id.* at 96, 521 N.E.2d at 1095–1096. Four of the explicit requirements are set forth in Civ.R. 23(A) and are numerosity, commonality, typicality, and that the representative will fairly and adequately protect the interest of the class. *Id.* at 97, 521 N.E.2d at 1096–1097. The analysis under this last prerequisite is divided into a consideration of the adequacy of the representative and the adequacy of counsel. *Id.* at 95, 521 N.E.2d at 1095. Finally, a trial court must find that one of the three Civ.R. 23(B) requirements is met before a class may be certified. *Id.* at 94, 521 N.E.2d at 1094–1095. The trial judge has broad discretion to determine if a class action may be maintained, and that decision will not be disturbed on appeal without a showing of abuse of discretion. *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus.

In the present case, the trial court made all of the findings required under Civ.R. 23. American challenges three of these findings, arguing that appellees failed to establish numerosity and that appellees failed to satisfy the predominance and superiority requirements of Civ.R. 23(B)(3). American also contends that the class definition, as certified by the trial court, is ambiguous and improperly identifies the members of the class. In addition, American alleges that appellees failed to present any factual evidence with regard to the requirements of Civ.R. 23.

The record of this case consists of the pleadings; answers to interrogatories, depositions and the exhibits thereto, and the affidavit of Woodrow Thatcher, the Associate Director of the Life Claims Division of American. We find that these materials contain sufficient facts to allow the common pleas court to determine whether to grant appellees' motion to certify this cause as a class action.

■ We must agree with American's contention, however, that the certified class, as defined by the trial court, is not properly identified and is ambiguous.

" 'The requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.' 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure (2 Ed.1986) 120–121, Section 1760. Thus, the class definition must be precise enough 'to permit identification within a reasonable effort.' *Warner, supra*, 36 Ohio St.3d at 96, 521 N.E.2d at 1096." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d at 71–72, 694 N.E.2d at 448.

■ In the case under consideration, the description of the class is overly broad in that it encompasses Graded Benefits policyholders who were not affected by the computer logic error and may never be affected by said error. Indeed, the crucial fact, to wit, the computer logic error, upon which all of the potential class claims are founded, is not mentioned in the trial court's definition. Furthermore, and as raised by American, the test of a class definition is whether the means are specified at the time of certification to determine whether a particular individual is a member of the class. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d at 73, 694 N.E.2d at 449–450. Here, the class definition includes policyholders whose Graded Benefits policies may lapse in the future and who, therefore, cannot be identified, at the time of certification, as a member of the class.

■ American also urges that because the court included policyholders "who became aware of such alteration of benefits" in the class, the trial court's definition is impermissibly based, in part, on the "state of mind" of the prospective members. In *Hamilton*, the Ohio Supreme Court rejected this argument, stating that the "state of mind" of individual members of the class affected a reviewing court's analysis of the requirement of predominance, but not its analysis of an identifiable class. *Id.* at 72–73, 694 N.E.2d at 448–450. Therefore, this argument is without merit.

Finally, American urges that clauses (a) and (b) are internally inconsistent because a policyholder who never learned of the computer error is a member of the class under clause (a), but he or she cannot be a member of the class under clause (b). While we must agree that the language used by the common pleas court is not a model of clarity, our reading of these two clauses leads us to believe that the trial court was attempting to include the following individuals in the class: (a) beneficiaries who are owed or were paid improperly reduced benefits as a result of the computer error and (b) policyholders whose death benefits were increased or reduced as the result of the computer error and who were notified of

or became aware of the alteration. If this interpretation is correct, then no internal consistency exists. Notwithstanding this conclusion, the court's definition of the class remains indefinite and ambiguous.

 American next maintains that appellees failed to demonstrate that the proposed class meets the numerosity requirement of Civ.R. 23(A)(1). Civ.R. 23(A)(1) permits a class action if "the class is so numerous that joinder of all members is impracticable." There is no specified numerical limit that must be satisfied in order to maintain a class action. See *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d at 97, 521 N.E.2d at 1096–1097. However, in *Warner*, the Ohio Supreme Court provided guidance as to the number of members that would satisfy the numerosity requirement, stating:

" '[I]f the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule * * *.' " *Id.* at 97, 521 N.E.2d at 1097, quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed.1977), 22.

While we agree that certain members of the class defined by the trial court cannot be counted as class members for numerosity purposes, we are of the opinion that there is sufficient evidence in the record to establish satisfaction of the numerosity prerequisite to a properly defined class. The deposition of Thatcher reveals that *appellees'* proposed class potentially consists of at least forty beneficiaries of insureds who died after allowing his or her Graded Benefits policy to lapse and whose policies were affected by the computer logic error. This number does not include those insureds who may have been affected by the computer error and, as a result, either refrained from purchasing additional life insurance or expended funds for more life insurance. Accordingly, we conclude that the numerosity requirement was met.

██ American also asserts that the trial court erred in finding that appellees satisfied Civ.R. 23(B)(3), which requires that (1) the questions of law and fact common to the members of the class predominate over any questions affecting individual members and (2) the class action is superior to other methods available for the fair and efficient adjudication of the controversy. Part of American's argument as it relates to this prerequisite applies only to the class as improperly defined by the trial court and shall, therefore, not be included in the following discussion. American initially contends, nonetheless, that assuming that the class consists of insureds and beneficiaries who received incorrect information concerning the death benefit payable under a lapsed Graded Benefits life insurance policy, each class member would have to prove on an individual basis that he or she learned of the computer error and reasonably relied on that error by

purchasing additional life insurance or refraining from purchasing such additional insurance. American also argues that a class action is not warranted in this case because it is not a superior method of resolving claims arising from the computer logic error.

In *Cope v. Metro. Life Ins. Co.* (1998), 82 Ohio St.3d 426, 696 N.E.2d 1001, the Ohio Supreme Court addressed the propriety of class certification in a case challenging methods employed by Metropolitan Life Insurance Company in the sale of life insurance. In discussing the applicability of the predominance requirement to actions based on fraud, the *Cope* court stated:

"Courts generally find that the existence of common misrepresentations obviates the need to elicit individual testimony as to each element of a fraud or misrepresentation claim, especially where written misrepresentations or omissions are involved. They recognize that when a common fraud is perpetrated on a class of persons, those persons should be able to pursue an avenue of proof that does not focus on questions affecting only individual members. If a fraud was accomplished on a common basis, there is no valid reason why those affected should be foreclosed from proving it on that basis." (Citations omitted.) *Id.* at 430, 696 N.E.2d at 1004.

The court further noted that a class action is appropriate where a wide variety of claims can be established by "common proof in cases involving similar form documents or the use of standardized procedures and practices." *Id.* See, also, *Hamilton v. Ohio Sav. Bank,* 82 Ohio St.3d at 77, 694 N.E.2d at 451–452.

Moreover, Ohio's highest court specifically rejected allegations that the individual proof of knowledge and reliance required in a fraud case precluded class certification. See *Baughman v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 490–491, 727 N.E.2d 1265, 1274–1275. Instead, the court in *Baughman* found that where there are common omissions, or in this case common misrepresentations, across the entire class, certification was proper, and that, in fact, inducement and reliance could be inferred. *Id.* at 490, 727 N.E.2d at 1274–1275.

As applied to the present case, standard Graded Benefits life insurance contracts and practices involving lapsed policies are common to all potential members of the class. Although the misrepresentations resulting from the computer logic error might require the creation of subclasses, *e.g.,* beneficiaries who were informed of an extended-term death benefit upon lapse rather than a reduced paid-up death benefit and vice versa, pursuant to Civ.R. 23(B)(3), it does not bar class certification of appellees' claims. Additionally, there is no evidence that any individual has instituted a parallel action and it is unlikely, given the small recoveries involved, that anyone shall institute such an action. *Hamilton v. Ohio Sav. Bank,* 82 Ohio St.3d at 81, 694 N.E.2d at 454–455 (lack of parallel lawsuits weighs in favor of certification). The potential class itself is not so large

as to be unwieldy and can be readily separated into at least four subclasses for even easier management. In short, class action treatment of this cause is superior to other methods because it eliminates "any potential danger of varying or inconsistent judgments, while providing a forum for the vindication of groups of people who individually would be without effective strength to litigate their claims." (Citations omitted.) *Id.* at 80, 694 N.E.2d at 454.

We turn now to American's "choice of law" argument. Here, American maintains that its insureds reside in twenty-seven different states and the District of Columbia; therefore, the trial court erred in declining to consider the choice-of-law issue when determining whether "common questions of law predominated" under Civ.R. 23(B)(3). American insists that, in order to obtain certification, appellees had the burden to provide the court with the law of various states and did not do so.

We are of the opinion that the trial court should have considered the "choice of law" factor, as raised by American in its memorandum in opposition, in determining whether to certify this cause as a class action. For the following reasons, we are therefore persuaded that the trial court's failure to require appellees to engage in an extensive analysis of state law variances is fatal to certification of this cause.

The fact that potential class members live in different states is not sufficient in and of itself to warrant the denial of class certification. *Security Benefit Life Ins. Co. v. Graham* (1991), 306 Ark. 39, 44, 810 S.W.2d 943, 945. Nonetheless, the choice-of-law question impinges upon the issue of whether common questions of law predominate the litigation and is extremely important in a multi-state class action. See *Castano v. Am. Tobacco Co.* (C.A.5, 1996), 84 F.3d 734, 741; *In re Jackson Natl. Life Ins. Co. Premium Litigation* (W.D.Mich.1998), 183 F.R.D. 217, 222; *Chin v. Chrysler Corp.* (D.N.J.1998), 182 F.R.D. 448, 458; *Duvall v. TRW, Inc.* (1991), 63 Ohio App.3d 271, 276, 578 N.E.2d 556, 559–560. Accordingly, the party seeking class certification must demonstrate, through "extensive analysis" of state law variances, that the variations in state law do not swamp any common issues and defeat predominance. *Castano v. Am. Tobacco Co.*, 84 F.3d at 741–742. See, also, *In re Jackson Natl. Life Ins. Co. Premium Litigation*, 183 F.R.D. at 223; *Duvall v. TRW, Inc.*, 63 Ohio App.3d at 276, 578 N.E.2d at 559–560.

In applying this principle to the instant case, we must first note that when common-law state claims such as fraud, negligent misrepresentation, and negligence are raised, federal courts have expressed doubts that differences are so great that they preclude class treatment. *In re Revco Securities Litigation* (1992 N.D.Ohio), 142 F.R.D. 659, 666. That said, we must find that appellees made

absolutely no effort to analyze any of the state law applicable to these claims and therefore failed to sustain their burden of demonstrating that common questions of law predominate this litigation. Likewise, the trial court, which could have ordered appellees to demonstrate uniformity among the law of the states in question, see Dickerson, Class Actions: The Law of 50 States (2000), Section 6.07[5], 6–106 and 6–107, failed in its duty to consider the issue of variations in state law prior to certification.

For the foregoing reasons, American's sole assignment of error is found well taken in part and not well taken in part. Based on this finding, we conclude that the Erie County Court of Common Pleas abused its discretion in certifying this cause as a class action, and the judgment of that court is reversed and vacated. This cause is remanded to the trial court for further proceedings consistent with this judgment. Appellees are ordered to pay the costs of this appeal.

*Judgment reversed*
*and cause remanded.*

RICHARD W. KNEPPER, P.J., and HANDWORK, J., concur.