DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Sandusky County Court of Common Pleas, we are asked to consider whether the trial judge erred in certifying this case as a class action. Appellant, Dean K. Rogers, Executor of the Estate of James K. Rogers, sets forth the following assignment of error:
 {¶ 2} "The trial court erred by certifying a class `restricted to persons whose privacy has been violated by taping and surveillance by the late Mr. [James K.] Rogers at his various properties' (Class Certification Order at p. 2) and further defined as `all persons or their designated representatives who have been videotaped or recorded without their knowledge or consent between 1980 and 2000 at any residential, entertainment, or business premises in Sandusky County, Ohio owned, leased, or operated by the late James K. Rogers.' (Order at p. 7). The order is a Final Order subject to appeal pursuant to R.C. 2205.02(B)(5) [sic]."
 {¶ 3} The material facts of this case are taken from appellees' second amended complaint and the hearing on appellees' motion for certification as a class action.
 {¶ 4} From 1980 to 2002, the decedent, James K. Rogers, owned several residential and business properties in Sandusky County, Ohio. Rogers, with the aid of an unknown party (John Doe 1), installed concealed video and audio equipment in different locations throughout these properties. The equipment recorded, without the consent of the persons involved, images of, and sounds made by, tenants, invitees, guests, contractors, and employees. Many of the people taped were either nude or partially nude. Rogers viewed these tapes with a second unknown person (John Doe 2). Eventually, one of Rogers' tenants discovered the surveillance equipment, and law enforcement officials were contacted. At some point during their investigation, James K Rogers died. The police estimated that as many as 600 people were videotaped and recorded by the decedent.
 {¶ 5} A number of individuals instituted separate suits against the estate of the decedent. These included an action commenced by appellees; Ms. X; Child X-1; an adult; Child X-2, a minor; Mrs. Y; Mrs. Z.; Mr. W., Mrs. W.; and Child W., an adult. Appellees asserted claims of invasion of privacy, intentional or negligent infliction of emotional distress, violation of Ohio's landlord-tenant law, and/or breach of professional or fiduciary duties. Appellees also asked the trial court to certify this cause as a class action. They named the estate of James K. Rogers, John Doe 1, and John Doe 2 as defendants.
 {¶ 6} The trial court consolidated all cases filed against the estate solely for the purpose of discovery. Appellees then filed their motion to certify and a memorandum in support thereof. The estate and the plaintiffs in the consolidated cases filed memoranda in opposition to this motion. An evidentiary hearing was held on the motion for certification on November 15, 2002. On November 26, 2002, the trial court certified this cause as a class action and defined the class as:
 {¶ 7} "[A]ll of those persons or their designated representatives who have been videotaped or recorded without their knowledge or consent between 1980 and 2000 at any residential, entertainment, or business premises in Sandusky County, Ohio owned, leased, or operated by the late James K. Rogers * * *."
 {¶ 8} A trial court has broad discretion in determining whether a class action can be maintained. Baughman v. State Farm Mut. Auto. Ins.Co. (2000), 88 Ohio St.3d 480, 483, quoting Marks v. C.P. Chem. Co.,Inc. (1987), 31 Ohio St.3d 200, at the syllabus. We will not disturb that determination, absent an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Nonetheless, the trial court's discretion in deciding whether to certify a class action is circumscribed by, and must be applied within, the context of Civ.R. 23. Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67,70.
 {¶ 9} The trial court must find, by a preponderance of the evidence, that the two implicit requirements and five express requirements found in Civ.R. 23 are satisfied. Warner v. Waste Mgt.,Inc. (1988), 36 Ohio St.3d 91, 94. These requirements are: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all the members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." In reConsol. Mortg. Satisfaction Cases, 97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 6. The burden of proving each of these requisites is on the party seeking certification, and the failure to prove any element precludes certification. State ex rel. Ogan v. Teater (1978), 54 Ohio St.2d 235,247.
 {¶ 10} Prior to any discussion of the requirements challenged by appellant, we find that, contrary to appellant's contentions, the trial court had sufficient evidence before it to determine the question of class certification under Civ.R. 23. Appellant also maintains that the trial court did not engage in the "rigorous analysis" mandated by the Ohio Supreme Court in Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67,70.
 {¶ 11} Even though it is rare that the pleadings in a class certification case are so clear that they enable a trial court to find that certification is or is not proper, an evidentiary hearing is not always necessary. Warner v. Waste Mgt., Inc., 36 Ohio St.3d at 98-99. The court in this case held a hearing and wrote a detailed judgment addressing all of the prerequisites for class certification. Moreover, our standard for review of the trial court's judgment is still abuse of discretion rather than a de novo determination that the court's analysis "lacked rigor." See Baughman v. State Farm Mut. Auto. Ins. Co,88 Ohio St.3d at 483. Therefore, appellant's challenge to the adequacy of the evidence is without merit.
 {¶ 12} As to the requirements for class certification, appellant first complains that the class definition is ambiguous and unidentifiable. The requirement of an identifiable class is satisfied when the description of the class "`is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" Simmons v. Am. Gen. Life Acc.Ins. Co. (2000), 140 Ohio App.3d 503, 508, quoting 7A Charles Alan Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986) 120-121, Section 1760. Thus, the class definition must be specific enough to allow identification through the use of reasonable effort. Id. Warner v. Waste Mgt., Inc., 36 Ohio St.3d at 96.
 {¶ 13} We find that the class definition in the case before us is sufficiently specific to identify, with reasonable effort, the members of the class. First, the class definition is limited in geographic scope to acts occurring in Sandusky County, Ohio. Furthermore, it includes only persons who were at residential, entertainment, or business premises owned, leased, or operated by the late James K. Rogers. These persons had to be videotaped or recorded without their knowledge or consent. Finally, the trial court included a time limit — from 1980 to 2000. These persons can be readily discovered through Rogers' business records and his videotapes and recordings. Unlike the Simmons case, the class definition in this cause is not overly broad in that it includes individuals who cannot be determined as class members at the time of certification.
 {¶ 14} The estate claims, however, that the class definition is unclear as to whether this is a multi-state class action. If so, appellant contends that the trial court erred in failing to consider the choice of law issues inherent in a multi-state class action.
 {¶ 15} While the class definition set forth by the trial court can potentially encompass out-of-state individuals who visited "any residential, entertainment, or business premises in Sandusky County, Ohio owned, leased, or operated by the late James K. Rogers," and might therefore appear and be heard on videotape and recording, the choice of law issue becomes significant only in a multi-state class action certified pursuant to Civ.R. 23(B)(3). See e.g. Simmons v. Am. Gen. LifeIns. Co., 140 Ohio App.3d at 511. It becomes significant because the choice of law question relates to the issue of predominance (not the question of an identifiable class), a factor found only in Civ.R. 23(B)(3) class actions. Warner v. Waste Mgt., Inc.,36 Ohio St.3d at 95-96. See, also, Castano v. American Tobacco Corp. (C.A. 5, 1996),84 F.3d 734,741; Mowbray v. Waste Mgmt. Holdings, Inc. (D.C.Mass. 1999),189 F.R.D. 194, 199. Thus, we will discuss this issue only if we are required to address the question of predominance.
 {¶ 16} Appellant next asserts that the class is ambiguous and its members unidentifiable because the class is geographically restricted to events occurring only on properties owned, leased or operated by James K. Rogers in Sandusky County, Ohio. He claims that there may be other properties used outside of Sandusky County or belonging to other individuals that were used by James K. Rogers to videotape and record individuals without their knowledge or consent. There is absolutely no evidence in the record of this cause that the activities of Mr. Rogers occurred on the property of another or occurred outside the limits of Sandusky County, Ohio. Therefore, the trial court correctly limited the geographic definition of the class.
 {¶ 17} Appellant also argues that use of the term "designated representative" in the class definition is ambiguous. He claims that it is unclear who the "designated representative" will represent and how the represented party will receive notice. We disagree because it will take only a reasonable effort to determine the identity of the designated representative, e.g. a parent or a guardian, and, it follows, how that person shall receive notice of the class action.
 {¶ 18} In addition, appellant raises arguments related to a sentence used by the trial court in discussing the requirement of an identifiable class. This sentence reads: "The Class is specific and restricted to persons whose privacy has been violated by taping and surveillance by the late Mr. Rogers at his various properties." Notably, however, this sentence is not part of the definition of the class as ordered by the trial court. Therefore, any arguments made by appellant concerning this sentence are not relevant to the class definition and are without merit.
 {¶ 19} Finally, the estate maintains that the anonymous plaintiffs did not satisfy the second implicit requirement, that is, appellant asserts that appellees failed to establish that they are members of the class. Essentially, all of appellant's assertions related to this issue raise questions as to whether anonymous plaintiffs have the standing to be a class member.
 {¶ 20} "`In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class he or she seeks to represent.'" Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 74. In the present case, the anonymous members of the class were all subjected to video and audio taping without their consent or knowledge. They therefore share the same interest. They all seek damages and a declaratory judgment (declaring that James K. Rogers' and John Does 1 and 2 acted willfully, wantonly, and maliciously). Consequently, they have the standing necessary to be a class member.
 {¶ 21} The fact that the class representatives are anonymous does not affect their right to proceed in this action, see Jane Doe v. Mundy
(C.A. 7, 1975), 514 F.2d 1179, 1182, particularly in light of the fact that appellees agreed to identify themselves to appellant. Moreover, despite appellant's contentions to the contrary, the trial judge, who may, in all likelihood, be required to create subclasses for, e.g., the cause of action based on the Ohio Landlord-Tenant Act and/or assessment of damages, either will learn the identity of each plaintiff or be informed of which anonymous plaintiff belongs to each subclass. See Civ.R. 23(C)(4).
 {¶ 22} Appellant next claims that the explicit requirement of numerosity was not satisfied. Pursuant to Civ.R. 23(A)(1), appellees must establish that "the class is so numerous that joinder of all members is impracticable." In construing this rule, Ohio courts have not specified numerical limits; instead, the determination must be made on a case-by-case basis. Warner v. Waste Mgt., Inc., 36 Ohio St.3d at 97. TheWarner court did note that authority exits indicating that if a class has more than 40 people, numerosity is satisfied; if the class is less than 25, numerosity is probably lacking. Id., citing Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977) at 22.
 {¶ 23} Although it was not necessary for appellees to provide the trial court with the exact number of class members, they were required to "`show some evidence or reasonable estimate of the number of class members.'" Williams v. Countrywide Home Loans, Inc., 6th Dist. No. L-01-1473, 2002 Ohio 5499 at ¶ 26, quoting Long v. Thornton Twp.High Sch. Dist. (N.D.Ill. 1979), 82 F.R.D. 186, 189. Further, "[a] trial court is permitted to make common sense assumptions in order to find support for numerosity." Id., citing Evans v. U.S. Pipe FoundryCo. (C.A. 11, 1983), 696 F.2d 925, 930.
 {¶ 24} Here, appellees informed the common pleas court that law enforcement officials estimated that over 600 individuals were videotaped, recorded, and viewed by the decedent. Additionally, the trial court had undisputed evidence before it indicating that the clandestine surveillance of Rogers' tenants, invitees, employees and guests occurred over at least a 20 year period on a number of properties located throughout Sandusky County. As a result, the trial court could make a common sense assumption to support that figure of 600 individuals. Thus, the lower court did not abuse its discretion in finding that numerosity was demonstrated.
 {¶ 25} Appellant also contends that appellees failed to establish the requirement of commonality found in Civ.R. 23(A)(2).
 {¶ 26} In general, courts give the requirement of commonality a permissive application. Lowe v. Sun Refining Marketing Co. (1992),73 Ohio App.3d 563, 570 (citation omitted). Commonality can be properly found in cases where there are questions of law or fact that are common to the class or there is a common nucleus of operative facts. Id. (Citations omitted.) Commonality exists when the "basis for liability is common to the proposed class." Grant v. Becton Dickinson Co., 10 Dist. No. 02-AP-894, 2003-Ohio-2826 at ¶ 35, citing Ojalvo v. Bd. ofTrustees of Ohio State Univ. (1984), 12 Ohio St.3d 230, 235.
 {¶ 27} In the case under consideration, the trial court correctly determined that there is a common nucleus of operative facts on the question of liability. Specifically, appellees' complaint alleges that all damages were incurred as the result of the decedent's video and audio surveillance of these individuals without their consent or knowledge. Accordingly, Civ.R 23(A)(2) is satisfied because a single act, albeit occurring at different times and places, is the basis of appellees' claims.
 {¶ 28} Appellant also disputes the trial court's finding of typicality, as required by Civ.R. 23(A)(3). In particular, appellant urges that the court knew nothing about the anonymous class representatives and could not, therefore, know whether their interests or claims are in conflict with other members of the class. Appellant points out that some of the parties in this consolidated case did not want to be part of a class action and were "coaxed" with an offer of an opt-out provision. The estate complains that the opt-out provision was not included in the trial court's judgment.
 {¶ 29} To satisfy the typicality requirement, the named representatives' claims or defenses must be typical of those in the class. Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200, 202. The purpose of Civ.R. 23(A)(3) is to protect absent class members. Id. Therefore, there must be no express conflict between the representative party or parties and the class. Id. As stated in Baughman v. State FarmMut, Ins. Co., 88 Ohio St.3d at 487:
 {¶ 30} "[A]bsent some serious discrepancy between the position of the representative and that of the class, the focus at this stage of the proceedings should properly remain on the essential conforming characteristics of the defendant's conduct and the claims rising therefrom."
 {¶ 31} Again, based upon the law as set forth above, the anonymity of the appellees at this stage of the proceedings has no bearing on the question of typicality. Rather, the focus is on the conduct of James K. Rogers, in secretly videotaping, recording and/or viewing and listening to those tapes. All of the claims of the named representatives arise from this conduct. Since appellees' situation here is identical to that of putative class members, there is no conflict, and the typicality requirement is satisfied.
 {¶ 32} As for the lack of an opt-out order in the trial court's judgment, notice is governed by a separate provision, specifically, Civ.R. 23(C)(2) and need not be included in the trial court's order granting a request for class certification. See Lowe v. Sun Refining Marketing Co., 73 Ohio App.3d at 573-574.
 {¶ 33} Next, appellant contends that appellees failed to establish that they are adequate representatives of the class. Under Civ.R. 23(A)(4), adequacy of representation is divided into two components consisting of the adequacy of the representative and the adequacy of counsel. Marks v. C.P. Chemical Co., 31 Ohio St.3d at 203.
 {¶ 34} Counsel for appellees indicated during the hearing on this matter that appellees' attorneys have experience in litigating class actions. Appellant does not dispute counsel's qualifications. Appellant does, however, make contradictory arguments related to appellees' attorneys' offer to include an opt-out provision in the class definition. First, the estate argues that counsel were inadequate because they offered to place mandatory opt-out provision in the definition. Appellant contends, in essence, that the offer would allow the plaintiffs who opposed the class action to pursue independent claims against the purportedly limited amount of funds. Second, appellant also repeats the argument that it was error not to incorporate an opt-out provision. The notice of the class action opt-out provision is required only in a class action certified pursuant to Civ.R. 23(B)(3), see Civ.R. 23(C)(2), and, to repeat, is not part of the definition of the class. Lowe v. SunRefining Marketing Co., 73 Ohio App.3d at 573-574.
 {¶ 35} Appellant also contests the adequacy of the eight anonymous representatives of the class.
 {¶ 36} Representatives of a proposed class are adequate so long as his or her interest is not antagonistic to the other class members. Id. "Any doubts about adequate representation, potential conflicts, or class representation should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand including the augmentation or substitution of representative parties." Baughman v.State Farm Mut. Auto, Ins. Co., at 487-488.
 {¶ 37} In the present case, appellees allege that the decedent, John Doe 1, and John Doe 2 wrongfully installed, videotaped, recorded, and/or viewed them without their consent. These allegations are the basis for all five of their claims for relief. In demonstrating liability all class members will be required to offer the same proof, specifically, that they were videotaped and recorded without their knowledge or permission. Certain claims, e.g, breach of the Ohio Landlord-Tenant Act and breach of fiduciary duty, may require
 {¶ 38} the creation of subclasses pursuant to Civ.R. 23(C)(4). Nevertheless, the fact that the adjudication of the representatives' claims necessitates a determination of appellant's liability to the class generally aligns appellees' litigation interests with those of the entire class. Id. at 488.
 {¶ 39} In its final argument, appellant maintains that the trial court erred in certifying this cause as both a Civ.R. 23(B)(1)(b) class and as a Civ.R. 23(B)(2) class. Appellant argues that the only category available to appellees is a class action qualified under Civ.R. 23(B)(3).
 {¶ 40} Civ.R. 23(B) provides that an action may be maintained as a class action if the prerequisites of Civ.R. 23(A) are satisfied and the case fits within either Civ.R. 23(B)(1)(b), Civ.R. 23(B)(2), or Civ.R. 23(B)(3).
 {¶ 41} Civ.R. 23(B)(1)(b) is employed in class actions where the amount of money available to the plaintiffs is limited and separate actions might deplete all the funds before all of the deserving parties could make a claim. Planned Parenthood v. Project Jericho (1990),52 Ohio St.3d 57, 66. Here, appellees claimed that there might be as little as $180,000 in the estate. However, to satisfy Civ.R. 23(B)(1)(b), class action plaintiffs must, inter alia, establish, by specific evidence, that the total of the aggregated liquidated claims and the fund available for satisfying them, set definitely at the maximum, demonstrate the inadequacy of the fund to pay all claims. Ortiz v.Fireboard Corp. (1999), 527 U.S. 815, 838. The fact that the parties might agree to the amount of the fund and its inadequacy is insufficient. Id. at 848; Jane Doe I v. Karadzic (S.D.N.Y. 2000),192 F.R.D. 133, 141.
 {¶ 42} Because appellees failed to offer definitive evidence of the amount of the limited fund and its inadequacy, the trial court abused its discretion in certifying the proposed class pursuant to Civ.R. 23(B)(1)(b). Lowe v. Sun Refining Marketing Co.,73 Ohio App.3d at 573-574.
 {¶ 43} The second category of class action is found in Civ.R. 23(B)(2). Under this section, class certification is proper when "the party opposing the class certification acted or refused to act on grounds generally applicable to the class as a whole" and injunctive or declaratory relief is appropriate. Id. This category is inapplicable if the primary relief sought by the plaintiffs is damages. Warner v. WasteMgt., Inc., 36 Ohio St.3d at 95; Hall v. Jack Walker Pontiac Toyota,Inc. (2000), 143 Ohio App.3d 678, 686.
 {¶ 44} In the instant case, appellees did request a declaratory judgment; however, their primary request for relief is damages resulting from, tort, violation of the Ohio Landlord-Tenant Act, and breach of fiduciary duty. Therefore, because the class action in this cause cannot be categorized under Civ.R. 23(B)(2) the trial court erred in doing so.
 {¶ 45} A Civ.R. 23(B)(3) class action is denominated as the "damages action." Warner v. Waste Mgt., Inc., 36 Ohio St.3d at 95-96. A class action may be maintained under this section if the court finds that common questions predominate over questions affecting only individual members of the class and that a class action is superior to other methods for a fair and efficient adjudication of the controversy. Civ.R. 23(B)(3).
 {¶ 46} The predominance requirement is readily met "when there exists generalized evidence which proves or disproves an element [of a claim] on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." Cope v. MetroLife Ins. Co. (1998), 82 Ohio St.3d 426, 429-430, quoting LockwoodMotors, Inc. v. Gen. Motors Corp. (D.Minn. 1995), 162 F.R.D. 569, 580. The key to this determination is whether the efficiency and economy of common adjudication outweighs the difficulty and complexity of individual treatment of the class members' claims. Warner v. Waste Mgt., Inc.,36 Ohio St.3d at 96, quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977) 45. Furthermore, the purpose of this part of the rule is to provide a mechanism whereby numerous persons with small claims may aggregate those claims to vindicate their collective rights and render their small recoveries worth someone's labor. Hamilton Ohio Sav. Bank, 82 Ohio St.3d at 80 (citations omitted).
 {¶ 47} In the instant case, all of appellees' claims revolve around the common question of causation, in particular, whether the conduct of appellant impacted on all members of the class. This question must be proven by generalized evidence, to wit, the videotapes and recordings, on a class-wide basis. The fact that damages may be individualized does signify that this cause cannot be certified under Civ.R. 23(B)(3). Civ.R. 23(C)(4) provides trial courts with the flexibility to create subclasses for the purpose of determining damages in class actions. Marks v. C.P. Chem. Co., Inc.,31 Ohio St.3d at 204-205.
 {¶ 48} Nevertheless, appellant argues, for the first time on appeal, that based on the fact that one named representative of the class, Ms. Y, is listed as residing outside of the state of Ohio, the question of choice of law precludes a finding of predominance. We are loathe to find that appellant waived this issue due to the class action context, cf. Dimalanta v. Travelers Ins. Co., 8th Dist. No. 81445,2003-Ohio-562 ¶ 29-30. However, we are also of the opinion that since the indication that there might be out-of-state class members is so undeveloped, the trial court should consider issue of choice of law on our remand. We reach this conclusion because, upon further development of the facts material to this issue, the trial court may decide to decertify all or part of the class. See Carder-Buick Olds Co., Inc. v. Reynolds Reynolds (2002), 148 Ohio App.3d 635, 2002-Ohio-2912 at ¶ 70.
 {¶ 49} In assessing whether a suit meets the superiority requirement, a trial court must evaluate all methods of adjudication to determine whether a class action is superior. Williams v. CountrywideHomes, 6th Dist. No. L-01-1473, 2002-Ohio-5499 at ¶ 35. Civ.R. 23(B)(3) lists four factors that should be considered when determining superiority of a class action: "(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of the class action."
 {¶ 50} Approximately seven other individual actions were commenced against appellant. Nevertheless, this is a minute figure when compared with the number of potential individual cases that could be brought. Thus, we find that the first two factors do not weigh against certification because only a few potential class members have expressed an interest in controlling the lawsuit, and a small number of separate actions have been initiated.
 {¶ 51} In considering the desirability of concentrating the litigation of claims in Sandusky County, Ohio, all of the alleged wrongful activity occurred in that county. The fact that some of the potential class members may or may not be located in other states, is not, standing alone, sufficient to warrant denial of class certification. Simmons v. Am. Gen. Life Acc. Ins. Co.,140 Ohio App.3d 503, 511, citing Security Benefit Life Ins. Co. v.Graham (1991), 306 Ark. 39, 44, 810 S.W.2d 943, 945-46. Finally, any difficulties in managing this class action can be handled through application of Civ.R. 23(C)(4) and the creation of subclasses. See Warnerv. Waste Mgt., Inc., 36 Ohio St.3d at 95. Consequently, the trial court did not err in finding that a class action is the superior method of adjudicating appellees' claims.
 {¶ 52} For all of the foregoing reasons, appellant's sole assignment of error is found not well-taken, in part, and well-taken, in part.
 {¶ 53} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed in all respects excepting: (1) certification as a Civ.R. 23(B)(1)(b) and Civ.R. 23(B)(2) class action; and (2) the question of predominance under the prerequisites for a Civ.R. 23(B)(3) class action. This cause is remanded to the trial court solely for the purpose of considering the effect, if any, of choice of law on the issue of predominance. Appellant is ordered to pay the costs of this appeal.
 Judgment affirmed, in part, and the cause is remanded.