HALL et al., Appellants,

v.

JACK WALKER PONTIAC TOYOTA, INC. et al., Appellees.

[Cite as *Hall v. Jack Walker Pontiac Toyota, Inc.* (2000), 143 Ohio App.3d 678.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18014.

Decided Dec. 1, 2000.

*Ronald L. Burdge* and *Randal S. Knight,* for appellants.

*Stephen D. Brandt* and *Erin B. Moore,* for appellee Jack Walter Pontiac Toyota, Inc.

*Jay R. Langenbahn,* for appellees Joseph Oldsmobile GMC Truck/Nissan, Inc. and Joseph Toyota, Inc.

---

FREDERICK N. YOUNG, Judge.

Appellants, Prataung Hall *et al.*, are appealing from a judgment of the Montgomery County Common Pleas Court that found that the appellants failed to meet the requirements for the certification of their claims as a class action.

Appellants purchased or leased automobiles from the appellees, Joseph Oldsmobile GMC Truck/Nissan, Inc., Joseph Toyota, Inc., and Jack Walker Pontiac Toyota, Inc., within the last three years. Allegedly, rather than obtaining independent financing, the appellants received assistance from the appellees in gaining financing during the sale or lease transaction. Appellants allege that appellees failed to register as credit services organizations and, in the process, violated the Ohio Credit Services Organization Act ("CSOA") and the Ohio Consumer Sales Practices Act ("CSPA"). Specifically, appellants allege that

appellees' assistance constitutes an unfair or deceptive act or practice under the CSPA.

Several cases throughout Montgomery County involving proposed class actions against automobile dealers for violating the CSOA and CSPA on the above-mentioned theory were consolidated on September 1, 1998. The matter was referred to a magistrate to address the motion for class certification and a motion for summary judgment filed by appellants. On March 11, 1999, the magistrate recommended that appellants' motion for summary judgment be granted and, on March 23, 1999, recommended that the motion for class certification be granted. Appellees filed objections to the magistrate's decision on April 7, 1999. On September 24, 1999, the common pleas court judge issued a decision approving the magistrate's recommendation on summary judgment and rejecting the magistrate's recommendation for class certification. Specifically, the trial court found that (1) appellants' class was not unambiguously defined and (2) none of the three alternative requirements of Civ.R. 23(B) was met. Both appellants and appellees filed notices of appeal. Appellees attempted to appeal the trial court's decision on the motion for summary judgment but this was dismissed for lack of a final appealable order. Thus, the only matter before this court is the appellants' appeal of the trial court's denial of their motion for class certification.

Appellants raise two assignments of error:

"1. The trial court erred when it held that a class had not been unambiguously defined.

"2. The trial court erred when it found that individualized issues predominate over common issues in this case and that none of the three alternative requirements of Civ.R. 23(B) had been met."

Appellants argue that the trial court committed an abuse of discretion in denying appellants' motion to certify a class action by holding that appellants' proposed class was defined ambiguously and by finding that appellants had failed to meet any of the three alternative requirements of Civ.R. 23(B). We disagree.

■■■ In reviewing the trial court's judgment, this court may only reverse the judgment upon a finding of an abuse of discretion by the trial court, as a trial judge has broad discretion in determining whether a class action may be maintained. *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249. An abuse of discretion is more than a mere error of law or judgment but must demonstrate an unreasonable, arbitrary, or unconscionable attitude. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. The Ohio Supreme Court has held that "[i]t is at the trial level that decisions as to class definition and the scope of questions to be treated

as class issues should be made." *Marks,* 31 Ohio St.3d at 201, 31 OBR at 399, 509 N.E.2d at 1252.

*Appellants' first assignment of error*

Appellants argue that the trial court incorrectly found that appellants' class definition was ambiguous because each member of the class could be determined from the appellees' own records and that the trial court's reasoning for finding the definition ambiguous contradicts its finding of facts. Before an action may be certified as a class action, the following seven requirements must be met:

(1) An identifiable class must exist and the definition of the class must be unambiguous;

(2) The named representatives must be members of the class;

(3) The class must be so numerous that joinder of all the members is impracticable;

(4) There must be questions of law or fact common to the class;

(5) The claims or defenses of the representative parties must be typical of the claims or defenses of the class;

(6) The representative parties must fairly and adequately protect the interests of the class; and

(7) One of the three Civ.R. 23(B) requirements must be met. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 71, 694 N.E.2d 442, 448, citing Civ.R. 23(A) and (B); *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091.

As for the first requirement, Civ.R. 23 requires that the means be "specified at the time of certification to determine whether a particular individual is a member of the class." *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 63, 556 N.E.2d 157, 165. Classes such as "all poor people," "all people who have been or may be harassed by the police," and "all people who have ever worked within five miles of a specific site" are too ambiguous to permit identification with reasonable effort and therefore these classes may not be certified. *Warner,* 36 Ohio St.3d at 96, 521 N.E.2d at 1096.

In the instant case, appellants proposed as their class definition people who:

(a) entered into a consumer transaction with defendant,

(b) involving the sale or lease of a motor vehicle,

(c) between four years prior to the filing of this case and the present date,

(d) where the sale or lease was provided with the defendant's advice or assistance to the buyer in connection with

(1) improving a buyer's credit record, history, or rating, or,

(2) obtaining an extension of credit for the buyer, and

(e) where the defendant's activities constituted those of a "credit services organization" under the Credit Services Organization Act.

In determining that the class was not unambiguously defined, the trial court focused on part (e) of the appellants' class definition. The trial court held in its decision granting appellants' motion for summary judgment that in each case the appellants would have to prove on the facts of the individual cases that the appellees met the definition of a credit services organization by (1) charging or receiving, directly from the buyer, money, or valuable consideration, and (2) selling, providing, or performing or representing "that the company could or would sell, provide or perform any of the credit services specified in R.C. 4712.01(C)(1)(a) [through] (e)." Therefore, the trial court reasoned that one could not determine the class members from the definition since in order to determine whether one is in the class, the court would first have to examine the facts of the individual case to determine if the appellee acted as a credit services organization; yet, if you do not know which individuals are in the class, one cannot determine if the appellee acted as a credit services organization towards that individual. Since one cannot determine until the facts of the individual claim are examined whether an appellee is a credit services organization, which appellants' class definition depends upon, the appellants' class definition is circular and ambiguous.

Appellants argue that the appellees' business records would show to which individuals the appellees behaved as a credit services organization. However, if an individual purchased a vehicle from an appellee who represented that the company could perform a credit service specified in R.C. 4712.01(C)(1)(a) through (e), but, instead, the individual paid in cash for the vehicle, the appellee would meet the definition of a credit services organization and the individual would meet appellants' class definition but not be identified through appellees' business records. The appellees' records would not offer any evidence that would identify for a class action this type of individual or any other individual who simply received advice or information on the credit services available but chose not to utilize them. As one could not determine whether an individual is part of the class and no other means of identifying these individuals was proposed, no abuse of discretion appears in this rationale of the trial court finding the definition ambiguous.

Appellants also argue that the trial court issued inconsistent statements in its decision. In the statement of facts the trial court stated, "[E]ach of the plaintiffs received assistance in obtaining financing during the course of the sale or lease transactions and none of the plaintiffs independently obtained financing." Appellees argue that this was not a finding of fact but simply a statement of the appellants' allegations, as demonstrated by the trial court's conclusion that in order for the appellees to be credit services organizations, the appellants must prove (1) that the appellees charged or received a fee and (2) that they provided or represented that they could provide credit services. In its decision, the trial court in a definite and precise manner concluded that appellants must prove in each individual case that the appellees provided, performed, or represented that they could provide credit services. The apparent contradiction in the trial court's statement of facts clearly amounts to no more than a misstatement. The trial court derived its statement of facts from the findings of fact of the magistrate, who recommended class certification. Apparently, the trial court transferred the facts from the magistrate and did not notice the contradiction in her failure to use the term "allegedly." However, this amounts only to a simple misstatement and does not demonstrate an unreasonable, arbitrary, or unconscionable attitude on the part of the court. Thus, we find no abuse of discretion on the part of the trial court in determining that the class definition was ambiguous and, for that reason, denying class certification. The appellants' first assignment of error is without merit and is, therefore, overruled.

*Appellants' second assignment of error*

Appellants argue that the trial court erred in finding that none of the three alternatives under Civ.R. 23(B) applies. In order to be certified as a class action, the parties must meet one of the three alternative requirements of Civ.R. 23(B), which are as follows:

"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

"(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

"(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

"(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Civ.R. 23(B); *Warner, supra.*

The trial court found that the appellants failed to meet any of the three alternatives under Civ.R. 23(B). We will examine each of the three alternatives for any possible abuse of discretion by the trial court.

First, we will address the alternatives listed in Civ.R. 23(B)(1). As for Civ.R. 23(B)(1)(a), one may only be certified under this prong when the evidence proves that "separate actions could lead to incompatible standards of conduct" (emphasis deleted) for the defendants. *Warner,* 36 Ohio St.3d at 95, 521 N.E.2d at 1095. Thus, merely demonstrating that there is a risk of inconsistent or varying adjudication is insufficient as one must show that the defendant will have to adhere to differing standards of conduct. *Id.* at fn. 2.

Here, the trial court found little risk that trying the cases separately would lead to incompatible standards of conduct. Arguing this was an abuse of discretion by the trial court, appellants point to several actions in Ohio's common pleas courts that have reached differing results. Yet, the trial court addressed these cases and found that these cases varied on the issue of whether the CSOA was applicable to the defendants in those cases. In the instant case, the trial court in its decision granting appellants' motion for summary judgment, which appellants did not appeal, held that if the appellants, based on the facts of the individual case, proved that the appellees have performed as a credit services organization, then the CSOA would be applicable for that individual's claim. Thus, the trial court concluded that the only variance among the cases would be based on the individual facts of each case and not result in varying standards of conduct for the appellees. We find no abuse of discretion in this determination.

Regarding Civ.R. 23(B)(1)(b), the Ohio Supreme Court has found this provision to be similar to interpleader suits where the amount of money available is limited and a risk is posed that the funds could become depleted before all of the parties have made a claim. *Warner, supra.* See, also, *Shaver v. Standard Oil Co.* (1990), 68 Ohio App.3d 783, 589 N.E.2d 1348; *Marks,* 31 Ohio St.3d at 203, 31 OBR at 400–401, 509 N.E.2d at 1253 (determining that class certification is inappropriate if plaintiffs fail to offer evidence of the probable insolvency of the defendants). Appellants have not argued that a limited amount of funds is available, nor demonstrated that the interests of other parties would be impaired by separate actions. The trial court reasoned that no detriment would come to the ability of other plaintiffs to pursue their claims, but rather that these plaintiffs may benefit from the trial court's ruling that the CSOA can be applied

to these appellees. We find no abuse of discretion by the trial court in finding that Civ.R. 23(B)(1)(b) does not apply to the appellants.

Next, we will address the alternative for certification listed in Civ.R. 23(B)(2), which provides for class certification when the party opposing class certification has acted on grounds generally applicable to the class and injunctive or declaratory relief is appropriate. The Ohio Supreme Court has stated that "Civ.R. 23(B)(2) has, as its primary application, a suit seeking injunctive relief." *Warner*, 36 Ohio St.3d at 95, 521 N.E.2d at 1095. If the primary relief requested is damages, Civ.R. 23(B)(2) is inapplicable. *Marks*, 31 Ohio St.3d at 204, 31 OBR at 401, 509 N.E.2d at 1254.

Appellants argue that the trial court committed an abuse of discretion in finding that since the CSOA had been changed to exclude automobile dealers from the statute, then injunctive or declaratory relief is inappropriate. Appellants argue that an automobile dealership may still be found liable if it exceeds the scope of its license or if the amendment to the statute is found unconstitutional. However, the CSOA has been amended to provide that one may be found to be a credit services organization only if consideration is given in exchange for credit services. Thus, even if the automobile dealership exceeds the scope of its license, the statute excludes the dealer from being a credit services organization. Furthermore, although appellants argue that the amended CSOA is unconstitutional, they do not have standing to raise this argument, as all of the appellants are bringing claims under the unamended CSOA. Therefore, the trial court correctly concluded that injunctive relief is inappropriate. As for declaratory relief, the trial court determined that this relief has essentially already been granted through the grant of the appellants' motion for summary judgment so that now the appellants need only demonstrate that, based on the individual facts of each case, the appellees (1) charged or received from the buyer valuable consideration and (2) sold, provided, or represented that the company could sell or provide any of the credit services listed in R.C. 4712.01(C)(1)(a) through (e). Therefore, declaratory judgment would also be inappropriate. We find no evidence of an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court as to this alternative either.

Finally, we address the last alternative, Civ.R. 23(B)(3), which provides for class certification if questions of law or fact common to the class members predominate over questions for individual members, and a class action is a superior method to other available methods to adjudicate the controversy. Focusing on the first prong of this alternative, questions of law or fact common to class members predominate over individual questions when (a) common issues are a significant aspect of the case and (b) common issues are capable of resolution in a single adjudication. *Marks*, 31 Ohio St.3d at 204, 31 OBR at 401, 509 N.E.2d at 1254. Therefore, it is not sufficient for common questions of law and fact to

simply exist. *Id.* "If each cause of action requires individualized proof * * *, then common questions do not predominate." *Shaver,* 68 Ohio App.3d at 798, 589 N.E.2d at 1358. Furthermore, the trial court has an advantage in its unique perspective of the issues in the case because it routinely handles case management problems and "is in the best position to analyze the difficulties which can be anticipated in litigation of class actions." *Marks,* 31 Ohio St.3d at 201, 31 OBR at 399, 509 N.E.2d at 1252.

Appellants argue that the trial court erred in finding that individual issues predominate over common questions of law and fact, such as, whether the appellees' contracts, advertising, and loan agreements violate the CSOA. The trial court focused on the reality that the next step in the claims would be to examine the individual facts of each case to determine if the behavior of an appellee towards an individual appellant made the appellee a credit services organization. Thus, the trial court reasoned that the individual facts of each case would predominate over the common issues of the CSOA for the remainder of the trial. Since each claim requires individualized proof and the trial court was in the best position to analyze the difficulties of proceeding as individual cases versus a class action, we see no evidence of an unreasonable, arbitrary, or unconscionable attitude. We find no abuse of discretion, and the second assignment of error is without merit and overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.