OPINION
{¶ 1} Plaintiffs-appellants, Rhonda Bungard, Lora Ramsey-Labbe, Paula Labbe, Lisa Walker, Celeste Spradlin, and Vicki Krafthefer, appeal from a judgment of the Court of Claims of Ohio denying their Civ.R. 23 motion for class certification. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On September 18, 2002, plaintiffs, on behalf of themselves and all others similarly situated, filed a complaint for damages in the Court of Claims, alleging a cause of action for breach of contract, breach of fiduciary duty, negligence, and a violation of the Consumer Sales Practices Act. The State of Ohio, Department of Job and Family Services, was named as the defendant in the action. On the same day, and pursuant to Civ.R. 23(A) and (B)(3), plaintiffs moved for class certification. On October 17, 2002, defendant filed a memorandum in opposition to class certification.
 {¶ 3} On October 23, 2002, the trial court denied, without explanation, plaintiffs' motion for class certification. Plaintiffs timely appealed to this court, and the matter was assigned case No. 02AP-1232. This court by an entry filed on June 3, 2003, reversed the judgment of the Court of Claims and remanded the matter to that court "for a determination of the issue of class certification that provides this court a basis for that determination that is amenable to appellate review."
 {¶ 4} Upon remand, an oral argument was held on plaintiffs' motion for class certification. On December 29, 2004, the trial court denied plaintiffs' motion for class certification. The trial court determined that plaintiffs had not satisfied all the implicit and explicit prerequisites required under Civ.R. 23(A), and, therefore, their action was not maintainable under Civ.R. 23(B)(3).
 {¶ 5} Plaintiffs appeal and have asserted the following four assignments of error:
I. THE COURT OF CLAIMS ABUSED ITS DISCRETION WHEN IT DENIED CLASS CERTIFICATION ON THE BASIS THAT NO "IDENTIFIABLE CLASS" WAS PROPERLY DEFINED.
II. THE COURT OF CLAIMS ABUSED ITS DISCRETION WHEN IT DENIED CLASS CERTIFICATION BASED ON "THE POTENTIAL" OF CONFLICTING INTERESTS BETWEEN CLASS MEMBERS WHO PAY SUPPORT AND CLASS MEMBERS WHO RECEIVE SUPPORT.
III. THE COURT OF CLAIMS ABUSED ITS DISCRETION WHEN IT FOUND THAT THE CASE AS PLEADED DID NOT SATISFY RULE 23(B)(3) BECAUSE THE PRACTICES ALLEGED INJURED MEMBERS IN DIFFERING WAYS, REQUIRING INDIVIDUAL FACTUAL INQUIRIES PRECLUDING PREDOMINANCE OF EVEN ONE COMMON QUESTION OF FACT OR LAW SIGNIFICANT TO RESOLUTION OF A MATERIAL ELEMENT OF ANY CLASS CLAIM.
IV. THE COURT OF CLAIMS ABUSED ITS DISCRETION WHEN IT FOUND THAT CLASS LITIGATION WAS NOT SUPERIOR FOR THE CASE AS PLEADED, IN THAT THERE ARE NO "PARALLEL ACTIONS" AND CLASS MEMBERS FACE SUBSTANTIAL BARRIERS IN PURSUING INDIVIDUAL LITIGATION SEEKING DAMAGES FROM THE STATE.
 {¶ 6} All of plaintiffs' assignments of error generally allege that the trial court abused its discretion in denying their Civ.R. 23 motion for class certification. Class actions are governed by Civ.R. 23. The party seeking to maintain a class action has the burden of establishing the certification requirements set forth in Civ.R. 23(A) and (B). Gannon v.Cleveland (1984), 13 Ohio App.3d 334, 335, citing State ex rel.Ogan v. Teater (1978), 54 Ohio St.2d 235, 247. Two implicit prerequisites to certification of a class action under Civ.R. 23(A) are: (1) that there be an unambiguous, identifiable class, and (2) that the class representatives be members of that class. In addition, Civ.R. 23(A) sets forth four explicit requirements that must be met before a class may be certified. The moving party must establish that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative party or parties will fairly and adequately protect the interest of the class.Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 71.
 {¶ 7} Additionally, a party seeking class certification must show that the action conforms to at least one of the three categories of actions, as set forth in Civ.R. 23(B), that qualify for class treatment. Id. An action may be brought as a class action if: (1) a series of separate actions would create a risk of inconsistent adjudications or incompatible standard of conduct for the party opposing the class action; (2) injunctive relief would be an appropriate remedy for the entire class; or (3) common questions of law or fact predominate over questions involving only individual members of the class and class treatment is the superior method of resolving the controversy. Civ.R. 23(B)(3). A party seeking to maintain a class action satisfies its burden when it establishes that all the prerequisites of Civ.R. 23(A) are met and that at least one of the conditions of Civ.R. 23(B) exists. Id. Here, plaintiffs moved for class certification pursuant to Civ.R. 23(A) and (B)(3).
 {¶ 8} The trial court has broad discretion in determining whether a lawsuit may be maintained as a class action and that determination will not be disturbed absent an abuse of discretion. Hamilton, at 70. An abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. Marks v. C.P. Chem. Co., Inc. (1987),31 Ohio St.3d 200, 201. The basis for an abuse-of-discretion standard is the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket. Hamilton, at 70, citing Marks. The Supreme Court of Ohio has cautioned, however, that the trial court's discretion in deciding whether to certify a class action is not without limits and must be exercised within the framework of Civ.R. 23. Id. The trial court must carefully apply the requirements of Civ.R. 23 and conduct a rigorous analysis into whether those requirements have been satisfied. Id. Any doubts a trial court may have as to whether the elements of a class certification have been met should be resolved in favor of upholding the class. Baughman v.State Farm Mut. Auto. Ins. Co. (2000), 88 Ohio St.3d 480, 487.
 {¶ 9} Here, plaintiffs disagree with the trial court's analysis in regard to Civ.R. 23 and its application to this case. Specifically, plaintiffs argue, by their assignments of error, that: (1) the trial court erroneously found that no "identifiable class" was properly defined; (2) the trial court erroneously denied certification on the basis of "potential" conflicting interests between class members; (3) the trial court erroneously determined that plaintiffs had not met the predominance requirement; and (4) the trial court erroneously determined that class litigation was not the superior method to resolve the controversy. Our resolution of whether the trial court erroneously found that no identifiable class was properly defined resolves the issue of whether the trial court abused its discretion in denying plaintiffs' motion for class certification.
 {¶ 10} As stated above, an implicit requirement of Civ.R. 23(A) is that there be an unambiguous, identifiable class. That is, an identifiable class exists and the definition of the class is unambiguous. "`[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" Hamilton, at 71-72, quoting 7A Charles Alan Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2d Ed. 1986) 120-121, Section 1760. "Thus, the class definition must be precise enough `to permit identification with a reasonable effort.'" Id., citation omitted. "The focus at this stage is on how the class is defined. `The test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class.'"Hamilton, at 73, citing Planned Parenthood Assn. ofCincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56,63. The Hamilton court added: "The question as to whether there are differing factual and legal issues `do[es] not enter into the analysis until the court begins to consider the Civ.R. 23(B)(3) requirement of predominance and superiority.'" Id. citingMarks, supra, at 202.
 {¶ 11} Plaintiffs proposed the following definition for the class:
* * * [T]he class includes all individuals who, as shown by the program records maintained by defendant and its agents or contractees, (1) were or are eligible for child support services under the program mandated by R.C. § 3125.03 and/or § 3125.43
[sic] at any time on or after September 18, 2000, and (2) who did not receive services in compliance with all state and federal support requirements.
(Plaintiffs' Sept. 18, 2002 Motion for Class Certification.)
 {¶ 12} Plaintiffs assert that they included part "(2)" of the definition in order to "exclude those not yet legally `injured' in the manner at issue. That exclusion avoided overbreadth." (Plaintiffs' merit brief, at 9, citing Compare Hoang v. E*TradeGroup, Inc., 151 Ohio App.3d 363, 2003-Ohio-301.) Therefore, plaintiffs assert that the members of the class are those "legally injured" by defendant's action or inaction. (See plaintiffs' merit brief, at 9.)
 {¶ 13} In this case, the trial court determined, inter alia, that plaintiffs failed to establish the existence of an identifiable class. The trial court reasoned that "[w]hile the identity of these 750,000 or more individuals is ascertainable from the records of each of the 88 county agencies, the inquiry regarding class membership is considerably more complicated." (Dec. 29, 2004 Decision, at 6-7.) The trial court concluded that "the method required to identify members requires an effort on the part of the court that under the circumstances is clearly unreasonable." (Id. at 7.)
 {¶ 14} Plaintiffs contend that the trial court applied incorrect legal standards as to the issue of whether plaintiffs established the existence of an identifiable class. Plaintiffs, citing Hamilton, argue that the trial court improperly applied the predominance test when it should have applied the identifiable class test. Furthermore, plaintiffs assert that "it would be administratively feasible to determine whether a particular person was a member of the class by looking in the state's child support program records to determine what the state's practices are." (Plaintiffs' merit brief, at 13.)
 {¶ 15} Plaintiffs correctly point out that the Supreme Court of Ohio has stated that the question of whether there are differing factual and legal issues does not enter the analysis until the court considers Civ.R. 23(B)(3). However, in the case at bar, plaintiffs have defined the class members as those who did not receive services in compliance with the law, i.e., those who were "legally injured" by defendant's actions or inactions. In order to determine class membership of an individual, an examination of the merits of the legal claims of that particular potential member would be required. Therefore, in assessing the reasonableness of determining class membership, it is pertinent that determining membership in this case requires an analysis of the merits of the legal claims of potential members. In this regard, we note that plaintiffs have essentially characterized their claims as simply an allegation of the breach of some duty, allegedly resulting from defendant's "class-wide practices and customs." Significantly, however, plaintiffs have not specified any uniform practices and customs that constituted a breach of any particular duty.
 {¶ 16} Considering the foregoing, we cannot find that it was an abuse of discretion for the trial court to find that "the method required to identify members requires an effort on the part of the court that under the circumstances is clearly unreasonable." Consequently, we conclude that it was not an abuse of discretion for the trial court to conclude that plaintiffs have failed to establish the existence of an identifiable class. Therefore, we further conclude that the trial court did not abuse its discretion in denying plaintiffs' Civ.R. 23 motion for class certification. On that basis, we overrule plaintiffs' first assignment of error. Furthermore, to the extent plaintiffs' second, third, and fourth assignments of error contend that the trial court erred in overruling their Civ.R. 23 motion for class certification, they are overruled. Otherwise, those assignments of error are moot. Accordingly, we affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
McGrath and Travis, JJ., concur.