OPINION
{¶ 1} Appellant, Kristin Toy ("Ms. Toy"), appeals the Trumbull County Court of Common Pleas' denial of her motion to certify a class action. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} This appeal stems from the purchase by Ms. Toy of a used 2002 Dodge Durango from appellee William Mazza, dba Warren's Eastside Auto Sales ("Mr. Mazza") *Page 2 
for $10,350. Ms. Toy purchased the vehicle "`AS IS' — without guarantee express or implied * * *" and without knowing the actual mileage of the vehicle. Although Ms. Toy signed an "Odometer Disclosure Statement" acknowledging that the mileage on the odometer (41,466) was not the actual mileage, she believed, based upon alleged representations by the owner, Mr. Mazza, that the vehicle had low mileage, had only one previous owner, and that the Odometer Disclosure Statement was necessary to correct a typographical error. Mr. Mazza denied making these remarks.
 {¶ 4} Within a half hour of leaving the dealership, Ms. Toy's husband called Mr. Mazza expressing his concern over the fact that the vehicle's actual mileage was not known. Mr. Mazza offered to rescind the contract, but Mr. Toy rejected this offer, instead opting to keep the vehicle. The mileage was later determined to be over 145,000 miles.
 {¶ 5} Subsequently, Ms. Toy filed the underlying lawsuit in which she alleged violations of the Ohio Consumer Sales Practices Act (OCSPA), the Ohio Odometer Rollback and Disclosure Act, the Federal Odometer Act, and also asserted a common law fraud claim. Mr. Mazza filed a motion for summary judgment. The trial court granted the summary judgment motion in part, with respect to the common law fraud claim, but denied the motion on the remaining claims, which are pending in the trial court.
 {¶ 6} Denial of Class Action Certification
 {¶ 7} In her amended complaint and subsequent motion to certify a class action, Ms. Toy sought class certification alleging that Mr. Mazza had violated the FTC Used Car Window Sticker Rule (Section 455.3(b), Title 16, C.F.R.), which requires that a *Page 3 
"buyers guide" be displayed on the window of the used car and that the terms of the window guide be incorporated into the sales contract.[1]
Ms. Toy requested that the named class include: "(a) those persons who entered into a sales transaction with William Mazza dba Warren's Eastside Auto Sales; (b) involving the purchase of a used motor vehicle; (c) between August 4, 2003, and the present date; (d) where the sales contract used in the transaction failed to include the `integration clause' required by 16 CFR 433.3(b) [sic]."[2]
 {¶ 8} Ms. Toy also filed a motion for summary judgment claiming that Mr. Mazza failed to comply with the federal regulation because it did not post a buyer's guide on the window of each used vehicle, and it failed to include the integration clause language in its sales contract, which is necessary to alert buyers that the window form would be incorporated into the sales contract.
 {¶ 9} The trial court denied the class action certification and Ms. Toy's motion for summary judgment. With regard to the denial of the class action certification, the trial court found that Ms. Toy satisfied the Civ.R. 23(A) requirements for a class action but did not satisfy any of the requirements under Civ.R. 23(B). Ms. Toy filed the instant appeal, raising one assignment of error for our review:
 {¶ 10} "The trial court erred to the prejudice of Plaintiff-Appellant in denying her motion to certify the Seventh Claim of her Amended Complaint as a class action when it failed to find that the proposed class met one of the three subsections of Civ.R. 23(B)."
 {¶ 11} Standard of Review *Page 4 
 {¶ 12} Ms. Toy challenges the trial court's denial to certify the class for failure to satisfy the requirements of Civ.R. 23(B). We review the denial of a class certification under an abuse of discretion standard.
 {¶ 13} "When deciding whether to certify a class action, a trial court is given broad discretion. In re Consol. Mtg. Satisfaction Cases,97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 5. Therefore, a trial court's decision to grant certification of a class action will not be disturbed absent an abuse of that discretion. Id. An abuse of discretion connotes more than a mere error of law or judgment; instead, it implies that the court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219." Maas v. PennCentral Corp., 11th Dist. No. 2006-T-0067, 2007-Ohio-2055, at ¶ 29.
 {¶ 14} Prerequisites for Class Action Certification
 {¶ 15} Civ.R. 23 sets forth the requirements that must be satisfied in order for a party to maintain a class action. Civ.R. 23(A) provides that: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67, 71;Maas, at ¶ 30-31. *Page 5 
 {¶ 16} Civ.R. 23(B) provides that a party may bring a class action if: "(1) a series of separate actions would create a risk of inconsistent adjudications or incompatible standard of conduct for the party opposing the class action; (2) injunctive relief would be an appropriate remedy for the entire class; or (3) common questions of law or fact predominate over questions involving only individual members of the class and class treatment is the superior method of resolving the controversy."Bungard v. Ohio Dep't. of Job and Family Svcs., 10th Dist. No. 05AP-43,2006-Ohio-429, at ¶ 7.
 {¶ 17} The trial court is required under Civ.R. 23 "to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied."Hamilton at 70. The trial court should make separate written findings on each of the seven class action requirements and specify its reasoning as to each finding. Id. at 71.
 {¶ 18} The trial court complied with these requirements by providing written findings on each requirement. Because the trial court found that Ms. Toy satisfied the requirements of Civ.R. 23(A), our attention will be focused on whether the trial court abused its discretion is finding that the Civ.R. 23(B) requirements were not satisfied.[3]
 {¶ 19} Underlying Class Action Claim-FTC Used Car Window StickerRule
 {¶ 20} In order to determine whether the trial court abused its discretion in denying the class certification, it is necessary to examine the underlying class action *Page 6 
claim, which alleges a violation of Section 455.3(b), Title 16, C.F.R., which sets forth the FTC used car window sticker rule ("sticker rule").
 {¶ 21} Section 455.2, Title 16, C.F.R. provides that a "window form," also called a "Buyers Guide" in the text of the rule, "[is] to be prominently posted in or on any used vehicle offered for sale. This `Buyers Guide' is to contain the terms of any warranty offered on this vehicle, or, if offered for sale `as is,' a statement that there is no warranty on the vehicle." Buskirk v. Harrell, 4th Dist. No. 99CA31, 2000 Ohio App. LEXIS 3100, 16. The used car dealer is obligated to provide the buyer with the window form at the time of purchase.
 {¶ 22} Section 455.3(b), Title 16, C.F.R. also provides for the incorporation of the window form into the sales contract for the purchase of a used car. The federal regulation provides:
 {¶ 23} "Incorporated into Contract. The information on the final version of the window form is incorporated into the contract of sale for each used vehicle you sell to the consumer. Information on the window form overrides any contrary provisions in the contract of sale. To inform the consumer of these facts, include the following language conspicuously in each consumer contract of sale:
 {¶ 24} "The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale."
 {¶ 25} The failure to post the window form, the "Buyers Guide," in the window of a used vehicle has been deemed a "deceptive act" under Section 455.1(b), Title 16, *Page 7 
C.F.R. and a violation of the OCSPA. Buskirk v. Harrell (June 28, 2000), 4th Dist. No. 99CA31, 2000 Ohio App. LEXIS 3100, at 19.
 {¶ 26} Civ.R. 23(B) Requirements
 {¶ 27} Civ.R.23(B)(1)
 {¶ 28} A class action can be certified under this section if: "(1) the prosecution of separate actions by or against individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests
 {¶ 29} Ms. Toy argues that she has satisfied the requirements of Civ.R. 23(B)(1)(a).[4] Under Civ.R. 23(B)(1)(a) class certification is appropriate only when it is proven that "`separate actions could lead to incompatible standards of conduct' for the defendants. * * * Thus, merely demonstrating that there is a risk of inconsistent or varying adjudication is insufficient as one must show that the defendant will have to adhere to differing standards of conduct. Id." Prataung Hall v.Jack Walker Pontiac Toyota, Inc. (2000), 143 Ohio App.3d 678, 685. (Citations omitted.) Civ.R. 23(B)(1)(a) cannot be used in situations where the only variance among the cases would be based on the individual facts of each case; rather, it can be invoked where a determination could result in varying standards of conduct. Id. *Page 8 
 {¶ 30} Ms. Toy makes the blanket assertion that courts could potentially reach different results concerning the legality of appellee's form contract; thus, she argues that there is the risk of varying adjudications. We disagree with Ms. Toy's characterization and fail to see how bringing separate actions could result in incompatible standards of conduct. Each court would apply the same standard of conduct in accordance with the law specified in Section 455.3(b), Title 16, C.F.R. and the OSCPA.
 {¶ 31} In this respect, Ms. Toy's reliance on Planned ParenthoodAss'n. of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56
is misplaced since that case is factually distinguishable. InPlanned Parenthood, a class action was sought to restrain class members from picketing the clinic. Under those circumstances, the court found that the class certification fell within subdivision (B)(1)(a) because "separate actions against individual picketers could result in different verdicts concerning the same conduct. Different and incompatible standards of conduct for appellee and its staff would thus be established. Appellee would be placed in a situation where it might proceed against a certain individual's conduct as violative of a court injunction, but be unable to proceed against another individual engaging in the same conduct. One purpose of a class action is to avoid such situations." Id. at 66-67. This instant case presents a completely different situation. The courts will be interpreting a form contract to see whether it fails to comply with the federal regulation and the OSCPA. Therefore, we find that the trial court acted within its discretion in finding that Ms. Toy did not satisfy the requirements of Civ.R. 23(B)(1).
 {¶ 32} Civ.R.23(B)(2) *Page 9 
 {¶ 33} Civ.R. 23(B)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole * * *." In order to invoke class certification based upon Civ.R. 23(B)(2), the primary relief sought must be injunctive relief, not monetary damages. Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200,203. Thus, "this provision is inapplicable where the primary relief requested is damages." Id. If, however, money damages are incidental to injunctive relief, a class action may still be brought under this section since "the fact that money damages are also sought in addition to injunctive relief does not defeat certification under Civ.R. 23(B)(2)." Hamilton at 86. See, also, Maas at ¶ 45.
 {¶ 34} In finding that the class action could not be maintained under this section, the trial court found that although the amended complaint includes vague requests for injunctive relief, the complaint is seeking primarily the recovery of damages. The amended complaint asked for both monetary and injunctive relief. However, based upon subsequent pleadings, we agree that monetary damages were not simply being sought incidentally with a request for injunctive relief.
 {¶ 35} For instance, in urging the court to certify the class action, Ms. Toy filed an "Amended Supplemental Memorandum in Support of Certification of Class," in which she argued that a violation of the FTC Used Car Sticker Rule was also a violation of the CSPA. For support, she cited and attached decisions that reached this holding. Particularly relevant is the fact that these decisions sought monetary relief under the CSPA. In Cummins v. Dave Fillmore Car Co., Inc. and Bank One (Oct. 27, 1987), 10th *Page 10 
Dist. No. 87AP-71, 1987 Ohio App. LEXIS 9392, for example, the plaintiff alleged, inter alia, a violation of the federal window sticker regulation and sought rescission of his contract for the purchase of a used motor vehicle along with monetary damages under the OSCPA. A request for injunctive relief is absent in this decision or the other attached decisions. Ms. Toy again relied on the Cummins decision to support her summary judgment action. The fact that a claim for injunctive relief is sought in the amended complaint does not negate the fact that the primary relief sought was for monetary damages. Thus, while injunction relief is an available remedy, and while we in no way condone Mazza's continued alleged failure to comply with the sticker rule, we nonetheless agree with the trial court's characterization of the instant as one seeking primarily monetary relief. Thus, Civ.R. 23(B)(2) is inapplicable.
 {¶ 36} Civ.R. 23(B)(3)
 {¶ 37} A class action may be maintained under Civ.R. 23(B)(3) if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action." Civ.R. 23(B)(3). *Page 11 
 {¶ 38} As we stated in Phillips v. Andy Buick, Inc., 11th Dist. No. 2004-L-093, 2006-Ohio-5832, at ¶ 36: "There are two main prongs to a Civ.R. 23(B) analysis. The first is that common questions of fact and law predominate over individualized ones, and the second is that class certification is the superior method to fairly and efficiently adjudicate the matter."
 {¶ 39} "For common questions of law or fact to predominate, it is not sufficient that such questions merely exist; rather, they must present a significant aspect of the case. Furthermore, they must be capable of resolution for all members in a single adjudication. * * * And, in determining whether a class action is a superior method of adjudication, the court must make a comparative evaluation of the other procedures available to determine whether a class action is sufficiently effective to justify the expenditure of judicial time and energy involved therein." State ex rel. Davis v. Public Employees Retirement Bd.,111 Ohio St.3d 118, 2006-Ohio-5339, at ¶ 28, citing Schmidt v. AvcoCorp. (1984), 15 Ohio St.3d 310, 313. The trial court has broad discretion to determine whether class certification is the superior method of adjudicating that case. Id. at ¶ 30. The need to certify the class is one factor for the court to consider in making this determination. Id.
 {¶ 40} In this case, Ms. Toy asserts that class certification is appropriate because common issues predominate over individual claims. The gist of the class action complaint involves Mazza's failure to include in its sales contract reference to the integration clause required under the federal regulation. Because the same sales contract was used in each case, this would arguably satisfy the first prong of the analysis that the claims would involve common issues. *Page 12 
 {¶ 41} However, the problem inherent in certifying a class action of this type is that there is no proof that a Civ.R. 23(B)(3) class action will be the superior method for asserting a violation of the window sticker rule. One of Ms. Toy's objectives is to obtain class certification in order to stop Mr. Mazza's "persistent and continuing use of an unlawful sales contract." However, we believe this objective can be accomplished in a more cost-efficient manner by allowing an individual claim to proceed rather than certifying a class action. Since Ms. Toy has not demonstrated the need for a class action proceeding, we find that the Civ.R. 23(B)(3) requirement was not met. The trial court acted within its discretion in denying class certification.
 {¶ 42} Appellant's assignment of error is overruled.
 {¶ 43} The judgment of the Trumbull County Court of Common Pleas is affirmed.
COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur.
[1] The other class action claim alleged violations of the OCSPA by Mr. Mazza's failure to hold an Ohio Salvage Dealer's license.
[2] Initially, Ms. Toy's class certification simply alleged that the "Buyers Guide" window sticker failed to comply with the FTC Used Window Sticker Rule.
[3] We would be remiss, however, if we did not express our concern over whether Ms. Toy did in fact satisfy the typicality requirement of Civ.R. 23(A). Although the class representative's claims or defenses need not be identical, they must be typical of the class and should not involve unusual claims or defenses that threaten to preoccupy the class representative to the detriment of the other class members.Hamilton at 77-78. Here, because appellee offered to rescind the deal within a half hour of the sale, appellant's claims may be arguably atypical from the rest of the class.
[4] She does not argue that Civ.R. 23(B)(1)(b) is applicable. *Page 1