OPINION
{¶ 1} Plaintiff-appellant, Amy Searles, appeals from a judgment of the Franklin County Court of Common Pleas denying her renewed motion to certify as a class action her claim against defendant-appellee, Germain Ford of Columbus, L.L.C. ("Germain"), for violation of the Federal Trade Commission Used Car Window Sticker Rule (the "Window Sticker Rule"). Because the trial court did not abuse its discretion in concluding plaintiff failed to satisfy the requirements of Civ. R. 23(B), we affirm. *Page 2 
I. Procedural History {¶ 2} Plaintiff's complaint arises out of her decision to purchase a used 2002 Ford Explorer from Germain. Soon afterwards, plaintiff asserted, she experienced many problems with the vehicle. In addition to counts alleging Germain misrepresented the car's repair history before she purchased it, plaintiff's complaint included a cause of action asserting Germain violated the Window Sticker Rule, set forth in16 C.F.R. 455.1 et seq., and thus committed an unfair and/or deceptive act or practice in violation of R.C. 1345.02(A) of Ohio's Consumer Sales Practices Act ("OCSPA").
 {¶ 3} On September 20, 2006, plaintiff filed a Civ. R. 23 motion to certify as a class action the cause of action alleging Germain violated the Window Sticker Rule. The trial court denied the motion, concluding that under R.C. 1345.09 "a party may not maintain simultaneous individual and class actions or seek multiple recoveries on the same action." (May 15, 2007 Decision Entry, 4.) Plaintiff appealed to this court, and we reversed. We decided R.C. 1345.09 did not prohibit a class action, as plaintiff withdrew her individual claim premised on the Window Sticker Rule, leaving only the class action claim. SeeSearles v. Germain Ford, 10th Dist. No. 07AP-477, 2007-Ohio-7140.
 {¶ 4} On remand, plaintiff renewed her motion to certify a class action. The trial court determined that even though plaintiff met the requirements of Civ. R. 23(A), plaintiff failed to satisfy Civ. R. 23(B)'s requirements. Plaintiff appeals, assigning three errors:
 APPELLANT'S FIRST ASSIGNMENT OF ERROR
 The trial court erred when it held that [plaintiff] failed to meet the class certification requirements set forth in Civ. R. 23(B)(1)(a) and (B)(1)(b). *Page 3 
 APPELLANT'S SECOND ASSIGNMENT OF ERROR
 The trial court erred when it held that [plaintiff] failed to meet the class certification requirements set forth in Civ. R. 23(B)(2).
 APPELLANT'S THIRD ASSIGNMENT OF ERROR
 The trial court erred when it held that [plaintiff] failed to meet the class certification requirements set forth in Civ. R. 23(B)(3).
 {¶ 5} The trial court has "broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." State ex rel.Davis v. Public Employees Retirement Bd., 111 Ohio St.3d 118,2006-Ohio-5339, at ¶ 18, citing Marks v. CP Chemical Co. (1987),31 Ohio St.3d 200, syllabus. Due deference must be given to the trial court's decision, and any "finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously." Id. at ¶ 19. Nonetheless, "the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ. R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ. R. 23 have been satisfied." Id. at ¶ 20, citing Hamilton v. Ohio Sav. Bank (1998),82 Ohio St.3d 67, 70.
 {¶ 6} Parties seeking class certification must establish the following seven requirements before an action may be maintained as a class action under Civ. R. 23: (1) an identifiable class must exist and its definition must be unambiguous; (2) the named representatives of the class must be among its members; (3) joinder of all class members must be impracticable because of their number; (4) questions of law or fact must be *Page 4 
common to the class; (5) the representative parties' claims or defenses must be typical of the claims or defenses of the class; (6) the representative parties must protect fairly and adequately the interests of the class; and (7) one of Civ. R. 23(B)'s three requirements must be met. Hamilton, supra, at 71. See also Howland v. Purdue PharmaL.P., 104 Ohio St.3d 584, 2004-Ohio-6552, at ¶ 18.
 {¶ 7} The trial court concluded plaintiff satisfied the first six requirements, but did not meet any of the three Civ. R. 23(B) requirements. Plaintiff's assigned errors assert she satisfies not just one but each of the Civ. R. 23(B) requirements and the trial court erred in failing to so find.
II. First Assignment of Error — Civ. R. 23(B)(1) {¶ 8} In her first assignment of error, plaintiff argues the trial court erred in concluding she failed to satisfy the requirements of Civ. R. 23(B)(1), as the risk of inconsistent or varying adjudications with respect to individual members of the proposed class would create incompatible standards of conduct for Germain. She further maintains that adjudications with respect to individual members of the class would as a practical matter resolve the interests of the other members not parties to the adjudication or, at the least, substantially impair or impede their ability to protect those interests.
 {¶ 9} Civ.R 23(B)(1) is comprised of two disjunctive parts. The first branch of Civ. R. 23(B)(1) requires that individual class members' prosecution of separate actions would create a risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Civ. R. 23(B)(1)(a). Alternatively, the second branch of Civ. R. 23(B)(1) calls for a class action if separate actions would create a risk of "adjudications *Page 5 
with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair their ability to protect their interests." Civ. R. 23(B)(1)(b).
 {¶ 10} The trial court correctly determined Civ. R. 23(B)(1)(a) does not apply. Because the undisputed fact is that Germain violated the Window Sticker Rule, no danger of inconsistent adjudications exists. Despite Germain's admission, plaintiff contends separately filed actions likely would produce differing results or sanctions would force Germain to follow different standards of conduct. Plaintiff's argument lacks merit.
 {¶ 11} "[M]erely demonstrating that there is a risk of inconsistent or varying adjudication is insufficient as one must show that the defendant will have to adhere to differing standards of conduct." Toy v.Mazza, 11th Dist. No. 2007-T-0028, 2007-Ohio-6406, at ¶ 29, quotingHall v. Jack Walker Pontiac Toyota, Inc. (2000), 143 Ohio App.3d 678,685. "Civ. R. 23(B)(1)(a) cannot be used in situations where the only variance among the cases would be based on the individual facts of each case; rather, it can be invoked where a determination could result in varying standards of conduct." Id. Here, the record reflects that Germain conceded its error and remedied it before plaintiff filed her complaint. Because Germain's violation of the Window Sticker Rule is clear, even separate actions would generate no incompatible standards of conduct: each court deciding any separate actions would "apply the same standard of conduct in accordance with the law specified in Section 455.3(b), Title 16, C.F.R. and the OCSPA." Id. at ¶ 30.
 {¶ 12} Nor has plaintiff demonstrated that the requirements of Civ. R. 23(B)(1)(b) are satisfied. Civ. R. 23(B)(1)(b) most commonly applies to actions "in which the class members have claims against a fund that may prove insufficient to satisfy all of them." *Page 6 State ex rel. Davis, supra, at ¶ 49. Unsupported allegations that a limited fund exists do not satisfy the requirements of Civ. R. 23(B)(1)(b), as the rule requires a party relying on Civ. R. 23(B)(1)(b) to "establish, by specific evidence, that the total of the aggregated liquidated claims and the fund available for satisfying them, set definitely at the maximum, demonstrate the inadequacy of the fund to pay all claims." In re Rogers Litigation, 6th Dist. No. S-02-042,2003-Ohio-5976, at ¶ 40, citing Ortiz v. Fibreboard Corp. (1999),527 U.S. 815, 838, 119 S.Ct. 2295, 2311.
 {¶ 13} While plaintiff suggests Germain may face financial difficulties due to adverse economic conditions, plaintiff did not produce any specific evidence of actual hardship Germain faces. Indeed, the only explanation, much less evidence, plaintiff offered to the trial court to demonstrate the existence of a limited fund is the following two sentences: "Often operating on slim profit margins, and with expensive overhead, and large advertising costs, the car sales industry is known to be economically unstable, even in good times. Adverse judgments, with incumbent publicity, can have a disastrous effect on a car dealer's balance sheet." (Plaintiff's Renewed Motion for Class Certification, 12.) Although plaintiff's brief contends Germain failed to contradict her evidence of its "likely insolvency" plaintiff failed to submit evidence that Germain lacked the ability to settle any judgments against it. Germain thus had no obligation to dispel plaintiff's bare allegations. Since plaintiff has not demonstrated that the requirements of Civ. R. 23(B)(1) have been met, her first assignment of error is overruled. *Page 7 
III. Second Assignment of Error — Civ. R. 23(B)(2) {¶ 14} Plaintiff's second assignment of error contends the requirements of Civ. R. 23(B)(2) are satisfied because Germain acted on grounds generally applicable to the class.
 {¶ 15} Civ. R. 23(B)(2) addresses whether the "party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Id. The trial court concluded injunctive or declaratory relief was unavailable here because Germain ceased using the defective forms. Plaintiff argues the trial court's holding "is completely inconsistent with Civ. R. 23(B)(2)" and gives Germain "a green light to continue use of its illegal forms." (Plaintiff's brief, 12.)
 {¶ 16} Plaintiff's contention is unpersuasive, as she produced no evidence to dispute that Germain ceased using the improper forms approximately 18 months before plaintiff filed her complaint. When a request for injunctive relief is based upon a past wrong, a plaintiff must show a real or immediate threat that the plaintiff again will be wronged. Davis v. Flexman (S.D.Ohio 1999), 109 F.Supp.2d 776, 783-84, citing City of Los Angeles v. Lyons (1983), 461 U.S. 95, 111,103 S.Ct. 1660, 1670; O'Shea v. Littleton (1974), 414 U.S. 488, 495-96,94 S.Ct. 669, 676. "The gravamen of the remedy * * * is that a defendant is about to commit an act that will produce immediate and irreparable harm for which no adequate legal remedy exists." Hack v. Sand Beach ConservancyDist., 176 Ohio App.3d 309, 2008-Ohio-1858, at ¶ 24.
 {¶ 17} Other than bare allegations that Germain may once again choose to use a form which it voluntarily ceased using once it discovered the form was illegal, plaintiff has *Page 8 
not demonstrated that the harm plaintiff seeks to prevent will recur. Quite simply, plaintiff's request for injunctive relief does no more than request that the court order Germain to "obey the law." SeeUnited States v. Matsuoff Rental Co. (S.D.Ohio 2007), 494 F.Supp.2d 740,755-57. Accordingly, the trial court did not err in refusing to certify a class for injunctive relief.
 {¶ 18} Nor is declaratory relief needed. Germain does not contest that the form it previously used violated the Window Sticker Rule. Moreover, because this court previously ruled that a dealer's omitting Window Sticker Rule information from the contract of sale constitutes a violation of the OCSPA, no such declaration is needed. See Cummins v.Dave Fillmore Car Co., Inc. (Oct. 27, 1987), 10th Dist. No. 87AP-71. See also Brown v. Cincyautos (Jan. 12, 2009), S.D. Ohio No. 1:08cv372 and the cases dicusssed therein. Because plaintiff has not demonstrated that the requirements of Civ. R. 23(B)(2) are satisfied, her second assignment of error is overruled.
IV. Third Assignment of Error — Civ. R. 23(B)(3) {¶ 19} In her final assignment of error, plaintiff contends the trial erred in not certifying the class under Civ. R. 23(B)(3). Plaintiff asserts a common question of law or fact predominates over the members of the proposed class and, as a result, a class action is the superior method to fairly and efficiently adjudicate Germain's conduct relating to the form sales contract.
 {¶ 20} Civ. R. 23(B)(3) asks whether "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" so "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Id. The trial court concluded plaintiff failed to establish *Page 9 
predominance because the Window Sticker Rule violation was not a significant aspect of plaintiff's case. Moreover, the trial court determined, based on a review of the facts set forth in the complaint, that a class action was not a superior method for resolving the controversy. In contrast, plaintiff contends a common question of law and fact predominates because it arises from a form contract. She further notes the class would be relatively easy to identify and the legal issues would be uncomplicated, making a class action a superior method for resolving this matter.
 {¶ 21} The gist of plaintiff's class action claim involves Germain's failure to include in its sales contract reference to the integration clause that federal regulation requires. Because the same sales contract was used in each case, Civ. R. 23(B)(3)'s first prong is arguably satisfied here. See also Cope v. Metro. Life Ins. Co.,82 Ohio St.3d 426, 437, 1998-Ohio-405 (finding class certification appropriate when based on the use of a standard form lacking statutory and regulatory disclosure requirements). Even if the trial court erred when it failed to find the predominance requirement met, we nonetheless agree with the trial court's resolution of plaintiff's Civ. R. 23(B)(3) contentions. Class action certification is inappropriate here because plaintiff did not present any evidence of actual injury incurred as the result of Germain's violating the Window Sticker Rule.
 {¶ 22} R.C. 1345.09(B) provides that, once a violation is found, "the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages." Alternatively, the consumer may "recover damages or other appropriate relief in a class action under Civ. R. 23." Id. The fact that statutory damages are not available in a class *Page 10 
action indicates proof of actual damages is required before certification of an R.C. 1345.09(B) class action is proper.
 {¶ 23} While plaintiff relies on Cope, supra, to argue that class certification is appropriate simply because form contracts are at issue,Cope is distinguishable because the class members in that case suffered actual damages: the defendant in Cope "engaged in a scheme to collect larger commissions and front-end load charges" when issuing replacement life insurance. Id. at 433. In contrast, the record here reflects that the only class-wide injury suffered here was the violation of the Window Sticker Rule; plaintiff offered nothing to suggest any actual damages any class members suffered in common.
 {¶ 24} As a result, even if the trial court were incorrect in part in its Civ. R. 23(B)(3) analysis, we agree that the trial court properly concluded plaintiff failed to satisfy the requirements of Civ. R. 23(B)(3) for a class action premised on a violation of R.C. 1345.09(B). See State ex rel. Arcadia Acres v. Ohio Dept. of Jobs FamilyServs., 10th Dist. No. 08AP-229, 2008-Ohio-6127, at ¶ 30, citingJoyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93 (noting an appellate court must affirm the judgment on review if that judgment is legally correct on other grounds, as any error is not prejudicial in view of the correct judgment the trial court reached). Accordingly, plaintiff's third assignment of error is overruled.
 {¶ 25} Having overruled plaintiff's three assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
KLATT and SADLER, JJ., concur. *Page 1